## (April 9, 1959)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEO RICHARD NAMOLIK, Appellant.— Judgment insofar as it convicts defendant of the crime of burglary, third degree, reversed on the law and facts and a new trial granted, and judgment insofar as it convicts defendant of petit larceny affirmed. Memorandum: The defendant was convicted of the crime of burglary in the third degree and the crime of petit larceny. The two charges were wholly unrelated. The petit larceny charge was based upon the claim that the defendant had stolen a wrist watch from the locker of a fellow employee. The evidence was sufficient to sustain that charge. The burglary charge related

to the burglarizing of a tavern. There was evidence that the tavern had been burglarized by someone and that certain property had been taken therefrom but the only evidence connecting the defendant with the burglary was the fact that a Schick razor which belonged to the tavern keeper was found in the apartment of a female friend of the defendant, where the defendant occasionally stayed. The razor had been kept on the back bar in the tavern, from which it could have been taken surreptitiously by a patron of the tavern. There was evidence that the defendant had been in the tavern the evening before the burglary. There was no evidence that the razor was still on the back bar at the time the tavern was closed for the night and that it had been taken during the course of the burglary. There was no mention of the razor in the indictment; the items of property which were referred to in the indictment were not found in the defendant's possession. In these circumstances, while an inference of larceny might be drawn by the jury from the defendant's possession of the razor, it is questionable whether an inference that the defendant had committed the burglary might be so drawn (*People* v. *Galbo,* 218 N. Y. 283, 289-291; *People* v. *Foley,* 307 N. Y. 490). On the whole record, we find the evidence of the defendant's guilt of the crime of burglary unsatisfactory and inconclusive. The conviction of the crime of burglary should therefore be reversed. One other aspect of the case requires comment. The indictment charged, among others, three crimes which were wholly unrelated, which were not of the same or a similar character and which were not connected together or alleged to constitute parts of a common scheme or plan. The three charges were: (1) the alleged theft of an automobile; (2) the burglarizing of the tavern, and (3) the theft of the watch, referred to above. The jury acquitted the defendant of the charge of the theft of the automobile but, as stated above, it convicted him of the charge of burglarizing the tavern and the charge of stealing the watch. The joinder of the three charges was improper as a matter of law; it was not authorized even by the liberal provisions of section 279 of the Code of Criminal Procedure, added by chapter 328 of the Laws of 1936. Section 406 of the Penal Law authorizes the joinder in a single indictment of a charge of burglary and of a charge of any crime alleged to have been committed within the burglarized building but obviously that section was not applicable to this case since the alleged theft of the automobile and of the watch had nothing to do with the burglary. If a timely demurrer had been filed, the court would have been required to sustain it (Code Crim. Pro., §§ 323, 326). However, the misjoinder, as a ground of legal objection to the indictment, was waived by failure to raise the objection by demurrer (Code Crim. Pro., § 331; *People* v. *McCarthy,* 110 N. Y. 309; *People* v. *Wiechers,* 94 App. Div. 19, affd. 179 N. Y. 459). It may well be that this does not preclude us, upon a review of the facts, from determining whether the misjoinder had a prejudicial effect upon the course of trial and whether there ought to be a reversal in the interests of justice (Code Crim. Pro., § 527), but since we are reversing the burglary conviction for insufficiency of the evidence and since the proof of the petit larceny charge was overwhelming, there is no need for us to consider that question in this case. The burglary charge will be the only remaining charge of the indictment upon the retrial and there will no longer be a question of misjoinder in this case but we direct attention to the impropriety of the joinder of unrelated crimes not of the same or similar character, in the original indictment herein, for the guidance of the District Attorney in other cases. All concur. (Appeal from a judgment of Erie County Court convicting defendant of the crimes of burglary, third degree, and petit larceny.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.