■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICKY JENKINS, Appellant.— Judgment, Supreme Court, New York County, ren-

dered May 1, 1973, convicting defendant-appellant, after trial by a jury of possession of a weapon as a felony and possession of a weapon as a misdemeanor and judgment revoking a sentence of probation imposed on a prior plea to attempted possession of a weapon as a felony and resentencing defendant, reversed, on the law, and a new trial directed. The People concede that the trial court committed reversible error in its charge to the jury concerning the statutory presumption of possession of a weapon found in an automobile. They concede also that it was error when the trial court refused to instruct the jury that it could convict as to one defendant without convicting the other. The People further agree that the appellant must be afforded a new trial. Aside from the People's concessions, an examination of the record discloses that reversible error was clearly committed by the trial court when it charged "If you are convinced of this [that defendant was in the automobile] beyond a reasonable doubt, *it is your duty to return a verdict of guilty*". (Emphasis supplied.) The presumption created by subdivision 3 of section 265.15 of the Penal Law, with reference to the presence in an automobile of a firearm, is presumptive evidence of its possession by all persons occupying the automobile and is clearly a rebuttable one. The excerpt of the charge, hereinabove quoted, in effect was a direction for a verdict of guilty. In the trial minutes it appears that the court was asked to charge the jury that "they can find both defendants guilty or innocent on count one * * * they could find each guilty or innocent". Again the court was asked to charge "that the jury could find either defendant Minor or defendant Jenkins guilty or innocent of each count, and that they need not find either both guilty or innocent". On both occasions the court refused to charge as requested. This was error, for the jury did have the right to treat each defendant separately and to weigh the evidence concerning each defendant in order to determine the guilt or innocence of each. Subdivision 3 of CPL 300.10, amongst other things, provides: " it must instruct the jury to render a verdict separately and specifically upon each count submitted to it, and with respect to each defendant if there be more than one". (*People* v. *Giamario*, 20 A D 2d 815, affd. 15 N Y 2d 939.) This court has considered the contention of the appellant that the court below, in proceeding with the suppression hearing in his absence, denied him due process of law. A majority of the court is of the opinion that there is no merit to this contention. (*People* v. *Brighenti*, 22 A D 2d 956, affd. 16 N Y 2d 753.) In the case at bar appellant's counsel waived the presence of the appellant at the hearing on the suppression motion. After the hearing the court denied the motion to suppress. On the following day, the appellant still not having appeared in court, his case was severed from that of his codefendant. However, after seven jurors had been chosen for the codefendant's trial, appellant finally appeared and his counsel stated to the court: "Mr. Schlesser: At this time, after consulting with the defendant during the luncheon recess, I would move on behalf of the defendant Jenkins to reenter the trial *nunc pro tunc.* Mr. Jenkins and I have discussed this matter and we feel it would be in the interest of justice if we can proceed as co-defendants rather than having to be tried by himself at a later date". It is noteworthy that no complaint was made by the appellant about his absence at the suppression hearing, nor does the appellant show that he has in any way been prejudiced by his absence from the suppression hearing. Therefore, the majority of the court concludes that the request of the appellant for a new suppression hearing is denied and, further, the appellant's request to suppress the .22 calibre pistol should also be denied. Since the violation of probation adjudication by the court below was based primarily on the arrest

and conviction in the case at bar, the revocation of the probation is vacated and the sentence thereon set aside without prejudice to any further proceedings which may follow after the new trial ordered herein. Concur — Markewich, J. P., Capozzoli, Lane and Nunez, JJ.; Murphy, J., dissents in part in the following memorandum: Since we are all agreed that appellant's conviction must be reversed and a new trial directed, I would only go further and grant appellant the right to a new suppression hearing as well. It is, of course, now fundamental that a defendant has a constitutional and statutory right to be present at every stage of his trial, including a suppression hearing. (CPL 260.20; *People* v. *Anderson,* 16 N Y 2d 282.) In the instant case appellant was absent on the day his case was first moved for trial. His attorney advised the Trial Justice that he had been unable to reach his client and instruct him to appear in court. The Trial Judge conceded that although appellant "couldn't be charged with wilfullness", it was his responsibility to be present. After a side-bar discussion, counsel "waived" his client's appearance; and the hearing was held and completed. Relying on *People* v. *Brighenti* (22 A D 2d 956, affd. 16 N Y 2d 753) the majority has concluded, *inter alia,* that such waiver is still binding on remand. *Brighenti,* in my opinion, is distinguishable in several respects. Firstly, *Brighenti* involved an affirmance where, on the entire record, it was determined that the accused's absence from the hearing "in no way prejudiced his rights". Secondly, it appears from the Appellate Division decision that defense counsel "failed to arrange to have [Brighenti] produced at the hearing", presumably because (as counsel admitted) he could not "add very much" by his presence; thus constituting "an unequivocal election to proceed through the attorney alone, without the defendant". Finally, the court in *Brighenti* concluded by observing: "We take this occasion to point out that we have not decided or reached the question of whether a defendant, as matter of law, has the right to be present or whether his presence is indispensabe at a hearing upon his motion to suppress evidence which he is prosecuting through an attorney." (22 A D 2d 956.) It may be parenthetically noted, in such connection, that the Court of Appeals' affirmance, without opinion, in *Brighenti* preceded, by some six months, its opinion in *Anderson* (*supra*), recognizing a defendant's right to be present at any such suppression hearing. In any event, in the case at bar there was no "unequivocal election" or concession of fruitlessness as in *Brighenti.* Moreover, the motion below appears to have been limited to suppressing the evidence because of the failure of the police officers' testimony to establish any greater connection between appellant and the weapons found in the vehicle than that provided by the statutory presumption, rather than to attack the legality of the search and seizure. (CPL 710.20.) Since a new trial is being directed, I see no legal reason, on the record before us, to deprive appellant of his right to make any pretrial motion deemed advisable or desirable. Accordingly, the judgment of conviction should be reversed and a new trial directed, without precluding appellant from requesting a new suppression hearing if so advised.