◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MINOR, Appellant.—Judgment rendered in the Supreme Court, New York County, on April 30, 1973 convicting the defendant, after trial by jury, of two counts of possession of a weapon as a felony and one count of possession of a weapon as a misdemeanor, and sentencing him to concurrent sentences of up to five years, unanimously modified, on the law, to the extent of reversing the convictions on the count of possession of the .22 caliber pistol as a felony and the count of possession of the shotgun as a misdemeanor and ordering a new trial as to said two counts. The judgment convicting appellant of possession of the .32 caliber pistol as a felony is affirmed. The defendant was arrested on July 13, 1972 after he was observed by the police holding a loaded .32 caliber automatic pistol in his hand while struggling with one Rickey Jenkins in the rear seat of a parked automobile. A subsequent search of the automobile disclosed a loaded .22 caliber revolver and a sawed-off shotgun. Appellant was indicted charged with unlawful possession of the .32 automatic as a felony. In a separate indictment appellant and Jenkins were jointly charged with two counts of unlawful possession of a weapon as a felony in relation to the loaded .22 caliber pistol and the shotgun found in the automobile. The District Attorney commendably concedes that the convictions for possession of the shotgun and the .22 caliber pistol should be reversed and a new trial ordered, based on our disposition of *People v Jenkins* (47 AD2d 735) wherein this court reversed the conviction of appellant's codefendant on the grounds that the trial court failed to properly instruct the jury (1) as to the nonmandatory nature of the statutory presumption of possession of a weapon found in an automobile; and (2) that separate verdicts could be rendered as to the guilt of each defendant regarding those offenses. Since those errors were equally prejudicial to appellant, a similar disposition should be made in this case. However, the court's improper charge regarding the weapons found on the floor of the car did not relate to the loaded .32 caliber pistol that appellant held in his hand and for which he was separately indicted. It was error to consolidate the two indictments and to try the defendants jointly. CPL 200.40 provides for consolidation of separate indictments and joint trial but only when two or more defendants are charged with the same offense or offenses. If other offenses, not common to all defendants are charged, then such offenses must be tried separately. In the case at bar, only appellant was charged with possession of the .32 caliber pistol in the separate indictment. However, a claim of misjoinder of defendants not being jurisdictional, it may be waived by the failure of a defendant to raise such claim prior to trial. Here, counsel for both defendants specifically stated to the court that they had no objection to consolidation of charges for joint trial of the defendants. Appellant thus waived his claim and failed to preserve the legal issue on this appeal. (See CPL 470.05; *People v Namolik,* 8 AD2d 685; *United States v Ross,* 464 F2d 1278, 1280.) Moreover, appellant was not prejudiced by the

joinder and hence a reversal in the interests of justice is not warranted. Since all the charges against appellant were the same or similar in law and arose out of the same criminal transaction, joinder of the offenses in a single trial would have been proper had appellant been the sole defendant. (CPL 200.20, subd 2.) Under those circumstances, all testimony connecting appellant with any of the weapons would have been admissible. Thus, the only possible prejudice that appellant may have suffered resulted from the joinder of Jenkins in the same trial. Yet the only testimony relating to Jenkins involved his presence in the automobile when the police arrived. This evidence would have been properly before the jury as a natural part of the narrative of events regardless of whether Jenkins was joined as a defendant. (See *United States v Daniels,* 437 F2d 656, 661.) Accordingly, appellant was not prejudiced by the consolidation, and his conviction for possession of the .32 caliber pistol should be affirmed. Concur—Stevens, P. J., Murphy, Lupiano, Capozzoli and Nunez, JJ.