Miguel **LOPEZ**, Petitioner,

v.

Charles **SCULLY**, Superintendent, Greenhaven Correctional Facility, Respondent.

No. 83 Civ. 1964 (JES).

United States District Court, S.D. New York.

Aug. 6, 1985.

Robert Koppelman, New York City, for petitioner.

Mario Merola, Dist. Atty., Bronx County, New York City, for respondent; Steven R. Kartagener, Billie Manning, Robert L. Shepherd, Asst. Dist. Attys., New York City, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge.

Petitioner Miguel Lopez was convicted in New York state court on three counts of murder in the second degree, of robbery in

the first degree, and of burglary in the second degree. The Appellate Division, First Department affirmed the convictions without opinion, *see People v. Lopez*, 78 A.D.2d 780, 432 N.Y.S.2d 975 (1st Dept. 1980), and leave to appeal to the Court of Appeals was denied. *See People v. Lopez*, 52 N.Y.2d 1078, 438 N.Y.S.2d 1036, 420 N.E.2d 408 (1981).

Lopez filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that under the criteria of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), he was denied his Sixth Amendment right of confrontation at trial because of the trial court's failure to give proper limiting instructions to the jury regarding the admission into evidence of an extrajudicial statement made by his non-testifying co-defendant, which allegedly implicated Lopez in the crimes.

The Court referred the instant petition to Magistrate Joel J. Tyler for his report and recommendation pursuant to 28 U.S.C. § 636(b). Magistrate Tyler found that petitioner had exhausted his state court remedies with respect to this claim as required by 28 U.S.C. § 2254(b), but recommended that the petition be dismissed on the merits because the co-defendant's statement was neither clearly inculpatory of Lopez, standing alone, nor vitally important to the prosecution's case.

Both parties have filed objections to the Magistrate's Report and Recommendation. Petitioner objects to the finding that his co-defendant's statement was not clearly inculpatory or vitally important, and also argues that it was erroneous to apply the clearly inculpatory/vitally important test given the facts of this case. He contends that the Magistrate failed to address the actual issue raised by the petition, which is the absence of proper limiting instructions. Respondent argues that petitioner failed to exhaust his state court remedies, and, alternatively, that this petition is barred by the procedural default rule of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(4) of the Rules Governing Section 2254 Cases in the United States District Courts, this Opinion and Order constitutes the Court's *de novo* determinations with respect to the matters objected to.

The facts of the case are set forth at length in the Magistrate's Report and Recommendation, and only a brief summary is necessary herein.

Petitioner was convicted of the murder of 11 year old Juan Antonio Rodriguez, and the robbery and burglary of the Rodriguez home. He was tried along with his co-defendant and step-brother, Jose Osorio. Osorio, a friend of the victim, had been seen on the day of the crimes running down the fire escape of the apartment building where the victim had resided. Osorio's fingerprints were found in the Rodriguez apartment.

Osorio told the police that on the day in question he had gone home from school to have lunch and was then on his way to the home of Juan Antonio Rodriguez, when he met a friend he knew as "Indio" whom he hadn't seen in about three months, and whom he had known for about a year and a half. Indio accompanied Osorio to the Rodriguez apartment, where Juan Antonio let them in. Upon entering, Indio pulled a knife, grabbed Juan Antonio, handcuffed him and tied his legs, and stabbed him. Osorio said he became frightened and ran to the roof and down the fire escape. The police were never able to identify or locate the "Indio" referred to in Osorio's statement. Osorio never testified at trial and was therefore never subject to cross-examination.

Petitioner claims that the admission into evidence of Osorio's statement regarding "Indio," without proper limiting instructions, violated his Sixth Amendment right to confront the witnesses against him because the prosecutor "carefully choreographed the presentation of the evidence and argument" to convince the jury that

the "Indio" referred to in Osorio's statement was actually Lopez.[1]

■ In order to raise his Sixth Amendment claim before this Court, petitioner must have exhausted the remedies available to him in state court. *See, e.g.,* 28 U.S.C. § 2254(b) & (c); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Daye v. Attorney General of the State of New York,* 696 F.2d 186, 190 (2d Cir.1982) (en banc), *cert. denied,* — U.S. ——, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984). To satisfy the exhaustion requirement, the same federal claim must have been fairly presented to the state court, *see, e.g., Picard, supra,* 404 U.S. at 275, 92 S.Ct. at 512; *Daye, supra,* 696 F.2d at 191, by informing the state court of both the factual and legal premises of the claim asserted in the federal habeas action. *See, e.g., Daye, supra,* 696 F.2d at 191; *Twitty v. Smith,* 614 F.2d 325, 331 (2d Cir.1979). As the Second Circuit noted in *Daye,* this means that petitioner "must have set forth in state court all of the essential factual allegations asserted in his federal petition," *see* 696 F.2d at 191, and must have argued on the basis of a legal doctrine which is the "substantial equivalent" of that argued before the federal court. *See id.* at 192; *see also Picard, supra,* 404 U.S. at 278, 92 S.Ct. at 513.

■ In light of the argument made by petitioner on appeal from his conviction, the Court cannot say he has exhausted his state remedies with respect to the claim that the lack of proper limiting instructions violated his right of confrontation. In his brief to the Appellate Division petitioner argued that the trial court violated its obligation to *sua sponte* sever the trials of petitioner and his co-defendant Osorio, despite the facts that no party had moved to sever and neither defendant had objected to consolidation, because the two defendants had "at some point in the proceeding made statements which while not directly implicating each other in the crime did serve to place each one as acting directly contrary to the interest of each other." *See* Appellant's Brief at 12–13. Petitioner cited *Bruton* and *People v. Owens,* 22 N.Y.2d 93, 238 N.E.2d 715, 291 N.Y.S.2d 313 (1968), which relate to severance. Petitioner also noted that a motion for severance had been made after trial but before sentencing, but was denied, and that this, too, was erroneous because, despite the fact that the motion was made so late, the court should have granted the severance since Osorio had implicated Lopez and "in all probability had caused his being found guilty by the jury." *Id.* at 13.[2] Petitioner did not argue that the lack of proper limiting instructions had violated his Sixth Amendment rights.

In the instant petition, Lopez alleges that the trial court erred in failing to give appropriate instructions to the jury cautioning them that Osorio's statement could not be considered against Lopez. No argument is raised regarding the failure to grant a severance. The Court cannot agree with the Magistrate's conclusion that the factual and legal basis underlying the habeas claim is "clearly the same as that of the severance claim in the state appeal," *see* Report & Recommendation at 12, especially since a *Bruton* claim presupposes that no limiting instructions can cure the prejudice flowing from the statement of a co-defendant. Thus the state court was not fairly presented with the issue now raised, that the failure to give limiting instructions required a reversal of petitioner's conviction.

---

1. While petitioner states in his petition and briefs that the prosecutor impermissibly attempted to convince the jury that "Indio" was in fact Lopez, petitioner did not object to that aspect of the prosecutor's summation at trial or on appeal, and has not raised it as a ground for relief herein. The Court therefore does not consider whether this provides a basis for granting a writ of habeas corpus.

2. The trial record reflects that counsel for Lopez did not state that he was moving for a severance. Rather, he said that an appellate court would require reversal of the conviction because there was "a Bruton situation" due to the statement about Indio. The Court apparently treated this as a motion for a severance, noted that no prior motion had been made, and denied the motion as untimely.

In *Bruton,* the Supreme Court held that the introduction of an extrajudicial confession of a co-defendent which incriminated Bruton violated his right of confrontation and held that a severance was required because it assumed that limiting instructions would not be adequate to protect the defendant's confrontation rights. This Court has found no case where the alleged *Bruton* violation arose from the failure to give proper limiting instructions, rather than the failure to grant a severance or to exclude the challenged statement. The Court concludes that since the state court was never given a fair opportunity to decide whether the failure of the trial court to give limiting instructions required a reversal of petitioner's conviction, petitioner has not exhausted this claim. *Cf. Twitty, supra,* 614 F.2d at 332; *Callahan v. LeFevre,* 605 F.2d 70, 72–73 (2d Cir.1979).

Even assuming, arguendo, that the citation to *Bruton* was sufficient to satisfy the exhaustion requirement, the habeas petition would still have to be denied. In *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Supreme Court held that failure of a state court defendant to comply with a state's procedural requirements constitutes a procedural default barring consideration of that claim on federal habeas review, unless both cause for the default and actual prejudice are shown. *Id.* at 86–87, 97 S.Ct. at 2506–2507. *See also Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982).

The State contested petitioner's *Bruton* claim before the Appellate Division on the ground that he was procedurally barred from raising that claim on appeal because he had failed to object to the consolidation of the cases, or to move for a severance before trial, and that any objection to the consolidated trial was therefore waived. The State cited *People v. Minor,* 49 A.D.2d 828, 373 N.Y.S.2d 354 (1st Dept.1975), where the court had held that the failure to object to consolidation constitutes a waiver. The Appellate Division affirmed petitioner's conviction without opinion.

■ Where the prosecution argues procedural default on appeal and the appellate court affirms the conviction without opinion, the federal habeas court must assume that the state court ruled on the basis of the procedural bar. *See, e.g., Johnson v. Harris,* 682 F.2d 49, 51 (2d Cir.), *cert. denied,* 459 U.S. 1041, 103 S.Ct. 457, 74 L.Ed.2d 609 (1982); *Martinez v. Harris,* 675 F.2d 51, 54–55 (2d Cir.), *cert. denied,* 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982). Therefore, this Court must assume pursuant to *Johnson* and *Martinez* that the Appellate Division accepted the State's procedural default *argument.*[3]

■ It follows that the Court can only consider petitioner's claim if he has demonstrated both cause for his failure to comply

---

**3.** The Court also notes that petitioner failed to object to the jury instructions given by the trial court. Defense counsel had requested that the jury be instructed that "any statements allegedly given by the defendant, Osorio, is [sic] not binding upon [Lopez]." *See* Trial Transcript ("Tr.") at 266. The court responded that it had told the jury to consider the two defendants individually, and would so instruct them again. *See id.* at 266. Defense counsel made no objection to this. He later advised the court, before the jury was charged, that he requested no special jury instructions, except with respect to circumstantial evidence. *Id.* at 322. Counsel did not object to the jury charge given, nor did he request any additional charges when the court gave him that opportunity. *Id.* at 411.

N.Y.Crim.Proc.Law § 470.05(2) provides that: a party who without success has either expressly or impliedly sought or requested a particular ruling or instruction, is deemed to have thereby protested the court's ultimate disposition of the matter or failure to rule or instruct accordingly sufficiently to raise a question of law with respect to such disposition or failure regardless of whether any actual protest thereto was registered.

However, the Court of Appeals has held that when a judge agrees to a requested charge, and then fails to deliver the charge as requested, failure to draw the inadequacy to the court's attention is deemed a waiver of any objection to the instruction. *See, e.g., People v. Whalen,* 59 N.Y.2d 273, 280, 451 N.E.2d 212, 215, 464 N.Y.S.2d 454, 457 (1983); *People v. Santiago,* 52 N.Y.2d 865, 866, 418 N.E.2d 668, 669, 437 N.Y.S.2d 75, 76 (1981); *People v. Dawson,* 50 N.Y.2d 311, 316, 406 N.E.2d 771, 774, 428 N.Y.S.2d 914, 917 (1980).

**1140**

with New York's procedural rule, and actual prejudice resulting from the allegedly inadequate instructions. Where petitioner objects to jury instructions, the allegedly improper charge must have worked to his actual and substantial disadvantage, *see, e.g., United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982), such that " 'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.' " *See Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977) (quoting *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973) ).[4]

 Petitioner has not even attempted to demonstrate cause for his failure to comply with New York's procedural require-

ments. Indeed, the record reflects that counsel did not avail himself of a court offered opportunity to request an amplification of the charge given and to renew an earlier request for a generic limiting instruction. *See* note 3, *supra.* Moreover, as Lopez himself recognizes in his petition, and as Magistrate Tyler noted in his Report and Recommendation, there was more than sufficient evidence against Lopez, in addition to Osorio's statement, upon which the jury could rely to convict him.[5] Thus, considering the nature of the statement, which was not in itself inculpatory of Lopez, and the overall strength of the prosecution's case, there is no basis to conclude that the failure to give a limiting instruction deprived Lopez of due process.[6] *Cf. Frady,*

---

**4.** The Supreme Court has noted that only rarely will an improper jury charge justify reversal of conviction in the absence of an objection at trial, and that "[t]he burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." *Henderson, supra,* 431 U.S. at 154, 97 S.Ct. at 1736. It is insufficient to show that the instruction was "merely ... 'undesirable, erroneous, or even universally condemned.' " *Id.* (quoting *Cupp v. Naughten, supra,* 414 U.S. at 146, 94 S.Ct. at 400).

**5.** This evidence came from a prosecution witness who testified that she was a friend of petitioner, and that petitioner had confessed to her that he killed Juan Antonio Rodriguez. She also testified that approximately one week after the murder and robbery petitioner gave her a gold bracelet, which was put into evidence and which two other witnesses identified as one of the items in the Rodriguez home on the day of the robbery and murder.

**6.** While the Court need not reach the merits of the petition, it notes its agreement with the Magistrate's finding that Lopez' claim lacks merit.

In *Bruton,* the Supreme Court held that severance was required where the extra-judicial statement of a non-testifying co-defendant, which was "powerfully incriminating" as to Bruton, was introduced at trial. *See* 391 U.S. at 135–36, 88 S.Ct. at 1627–28. The Second Circuit has recognized an exception to the *Bruton* severance requirement where the co-defendant's statement, standing alone, is neither clearly inculpatory of the petitioner, nor vitally important to

the prosecution's case against him. *See, e.g., United States v. Rubio,* 709 F.2d 146, 155 (2d Cir.1983); *United States v. Slocum,* 695 F.2d 650, 655 (2d Cir.1982), *cert. denied,* 460 U.S. 1015, 103 S.Ct. 1260, 75 L.Ed.2d 487 (1983); *United States ex rel. Nelson v. Follette,* 430 F.2d 1055, 1058 (2d Cir.1970), *cert. denied,* 401 U.S. 917, 91 S.Ct. 899, 27 L.Ed. 2818 (1971). The challenged statement is not clearly inculpatory where, standing alone, it does not connect the petitioner to the crime, and where the jury must make a substantial inference to identify the petitioner as the person referred to. *See, e.g., United States v. Marin,* 669 F.2d 73, 83 (2d Cir.1982); *United States v. Knuckles,* 581 F.2d 305, 312–13 (2d Cir.), *cert. denied,* 439 U.S. 986, 99 S.Ct. 581, 58 L.Ed.2d 659 (1978); *United States v. Gonzalez,* 555 F.2d 308, 316 (2d Cir.1977); *United States v. Wingate,* 520 F.2d 309, 314 (2d Cir. 1975), *cert. denied,* 423 U.S. 1074, 96 S.Ct. 858, 47 L.Ed.2d 84 (1976); *Follette, supra,* 430 F.2d at 1057–58.

This is precisely the situation here. Osorio's statement made no mention of Lopez, but only referred to "Indio." The jury would have had to rely on other evidence to infer that "Indio" was really Lopez. Under these circumstances, since the "inculpatory impact upon [Lopez] of the statement[ ] is defused because it depends upon other prosecution evidence to connect [Lopez] to the subject of the statement[ ], the *Bruton* Rule is not violated." *Slocum, supra,* 695 F.2d at 655.

The Court disagrees with petitioner's contention that this case is like *United States v. Gonzalez, supra.* In *Gonzalez,* the court noted that because Gonzalez was not named in the challenged statement that statement was not clearly inculpatory, but found that the exception to the *Bruton* severance requirement could not be ap-

*supra,* 456 U.S. at 174, 102 S.Ct. at 1597; *Wainwright, supra,* 433 U.S. at 91, 97 S.Ct. at 2508; *Sales v. Harris,* 675 F.2d 532, 541 (2d Cir.), *cert. denied,* 459 U.S. 876, 103 S.Ct. 170, 74 L.Ed.2d 140 (1982); *Forman v. Smith,* 633 F.2d 634, 642–43 (2d Cir.1980), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981). Therefore, Lopez is procedurally barred from raising his claim in this petition.

It follows that the petition for a writ of habeas corpus must be denied.

It is SO ORDERED.

plied because the statement of the co-defendant was the only direct evidence against Gonzalez, and therefore was a vital part of the prosecution's case. *See* 555 F.2d at 316–17. This is not the case here. There was other direct evidence of petitioner's guilt upon which the jury could properly convict. *See* note 5, *supra.* Therefore, Osorio's statement was not vitally important to the case against Lopez. *See also Slocum, supra,* 695 F.2d at 655–56; *Knuckles, supra,* 581 F.2d at 313; *Wingate, supra,* 520 F.2d at 313–14.

It is true, as petitioner suggests, that in the cases discussed above the court assumed and relied on the fact that appropriate limiting instructions were given. However, that circumstance is not dispositive with respect to their relevance here. In those cases, the *Bruton* issue arose in the context of a claimed error resulting from the denial of a timely motion for a severance which alerted the court to the need for limiting instructions. In this case no timely motion for a severance was made and the Court never had occasion to focus on the need for such instructions. Moreover, while a generic request for limiting instructions was made, and while the court indicated its willingness to charge as requested, the matter was never again pursued. Given these circumstances, the Court may properly consider the nature of the statement which allegedly violated petitioner's confrontation rights, and its overall importance to the prosecution's case.