■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON DUNKLEY, Appellant.—Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered on June 2, 1988, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree and sentencing him to an indeterminate term of from 4 to 12 years' imprisonment, unanimously affirmed.

Contrary to defendant's assertions, the trial court did not commit reversible error in refusing to dismiss the counts of the indictment charging him with criminal possession of a weapon in the second degree, merely because the defendant had left the automobile from which a .22 caliber gun was recovered immediately before the vehicle was stopped by the police.

The rebuttable presumption created by Penal Law § 265.15 (3), with reference to the constructive possession by all persons occupying an automobile of a firearm recovered therein, places upon the jurors the obligation to weigh the evidence concerning each defendant separately in order to determine guilt of the possessory crime (People v Hunter, 82 AD2d 893, affd 55 NY2d 930; People v Rivera, 77 AD2d 538; People v Jenkins, 47 AD2d 735).

Moreover, even in the absence of the statutory presumption of possession, the People proved beyond a reasonable doubt that the defendant and his codefendants possessed the .22 caliber automatic pistol recovered from the floor of the automobile with intent to use it unlawfully against another (Penal Law § 265.03).

In addition, we are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence (People v Farrar, 52 NY2d 302, 305).

Finally, defendant has failed to preserve his challenge to the court's reasonable doubt charge as a matter of law. (CPL 470.05 [2]; People v Thomas, 50 NY2d 467.) Were we to reach the issue in the interests of justice, however, we would find it

lacking in merit. Concur—Kupferman, J. P., Ross, Asch, Ellerin and Rubin, JJ.