■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DERRICK FIELDS, Respondent.

Defendant was arrested and indicted for shoplifting merchandise in a grocery store. The evidence before the grand jury showed that, on his way out of the store, defendant was confronted by the store manager, who asked him to remove the items from his pocket. Defendant lifted his jacket, displaying a pistol in his waistband and replied, "Take it." He then left the store with the merchandise. When defendant was apprehended a short while later, both the stolen merchandise and a loaded and operable revolver were recovered from his person.

Upon defendant's oral motion to inspect and dismiss, the court held that the evidence before the grand jury was insufficient to establish that defendant had forcibly stolen the property. Specifically, the court found that there was no evidence that the defendant used or threatened the immediate use of force to take or retain the stolen property (see, Penal Law § 160.00). It therefore reduced the charges of robbery in the first degree to petit larceny. The court also found that the evidence was insufficient to establish that defendant had possessed the weapon with the intent to use it unlawfully against another and reduced the charge of criminal possession of a weapon in the second degree to criminal possession of a weapon in the fourth degree.

Since the colloquy during which the defense motion was

made has not been made part of the record, we can find nothing to indicate that the prosecution raised an objection on the ground that defendant's oral motion did not comport with the requirement of CPL 210.45 (1) that it be in writing. Having failed to seek reargument on this basis, the People must be deemed to have waived their rights to insist upon compliance with the statutory requirements. *(See, People v Jennings,* 69 NY2d 103, 113.)

We find, however, that the motion should have been denied on the merits. This argument is reviewable on appeal even in the absence of extrinsic proof that the prosecution opposed defendant's motion on the merits since the decision of the court below makes clear that the motion was not granted on consent but over the People's objection. The sufficiency of the evidence before the grand jury is properly evaluated by inquiring whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury *(supra; People v Mikuszewski,* 73 NY2d 407, 411). Upon such review, we find that the evidence presented to the grand jury in this case was sufficient to support, beyond a reasonable doubt, an inference that defendant's display of his weapon, coupled with his challenging remark to the store manager that he should "take" the merchandise which was still in defendant's jacket, was intended to be a deliberate, if implicit, threat to use force *(see, People v Frazier,* 156 AD2d 198). The evidence was therefore sufficient to support the charge that defendant used or threatened the immediate use of physical force in the commission of the theft as required to sustain the charges of robbery in the first degree and that he possessed the weapon with the intent to use it unlawfully against another, as required to sustain the charge of criminal possession of a weapon in the second degree. Concur—Murphy, P. J., Sullivan, Milonas, Ellerin and Smith, JJ.