[640 NYS2d 20]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HERNAN FLORES, Respondent.

First Department, March 21, 1996

### APPEARANCES OF COUNSEL

*Gina D'Angelica* of counsel, Bronx *(Robert L. Moore* on the brief; *Robert T. Johnson, District Attorney* of Bronx County, attorney), for appellant.

*Nancy Chadrjian,* New York City, for respondent.

Tom, J.

The primary issue raised in this appeal is whether the trial court erred when it dismissed the count of the indictment charging defendant with criminal possession of a weapon in the second degree and held that the defense of justification should have been charged to the Grand Jury, in the interests of fairness, despite its inapplicability to the crime charged.

Testimony presented before the Grand Jury reveals that on September 4, 1993, at approximately 12:29 A.M., New York City Police Officers George Fitzgibbon and Kevin Brady were proceeding down Westchester Avenue in a marked police vehicle when Officer Fitzgibbon observed defendant standing in the roadway pointing a gun down Westchester Avenue. An individual with defendant immediately thereafter placed his hands on top of the defendant's hands and pushed them down, after which the defendant placed the gun in his front pocket, bent down and picked up a beer bottle. Officer Fitzgibbon stated that it was a Friday night and the area was "very congested" with people and cars.

Officer Fitzgibbon subsequently approached the defendant, told him to place his hands on the police car, and removed the gun from defendant's pocket. The defendant was then placed under arrest. Once inside the police cruiser, the defendant volunteered that "he pulled the gun because there were two guys that were messing with his brother's girlfriend and he thought they were going to pull on him." Officer Fitzgibbon further testified that the gun was operable and loaded and that the possession did not take place in defendant's home or place of business.

Pursuant to indictment number 6954/93, filed on October 13, 1993, the Grand Jury of Bronx County charged defendant with criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree. As part of his omnibus motion dated December 29, 1993, defendant moved, pursuant to CPL 210.20, for inspection of the Grand Jury minutes and dismissal of all counts in the indictment.

On March 1, 1994, the court granted defendant's motion to the extent of permitting inspection of the minutes and dismissing the charge of criminal possession of a weapon in the second

degree. The court found the evidence was not legally sufficient to establish a prima facie case that the defendant intended to use the firearm unlawfully against another; and that the defendant's statement triggered the justification defense but, because the Grand Jury was not instructed on this defense, the Grand Jury proceeding was rendered defective on the count of criminal possession of a weapon in the second degree.

On April 21, 1994, the trial court issued a second opinion in order to clarify its earlier decision dismissing the possession count. The court now acknowledged that the relevant evidence of intent would consist of the officer's observations, as well as the defendant's statement, but, in the absence of evidence that the defendant pointed the gun at anyone in particular, the evidence of intent to use the firearm against another was legally insufficient. The court also acknowledged that Penal Law § 265.15 (4) allows for an inference of the requisite intent arising from the possession itself but noted that the Grand Jury had not been instructed on that presumption, ergo, the jurors could not have relied on it. Finally, the court noted that justification is not, in fact, a defense to criminal possession of a weapon in the second degree but concluded, in any event, that absent an instruction on justification, the Grand Jury might have misconstrued the legal effect of defendant's statement as it bears on intent, and that "[a]s a matter of fairness," the prosecutor should have provided the instruction.

The People appeal from both orders and we reverse and reinstate the charge of criminal possession of a weapon in the second degree.

In order to obtain an indictment, the People must present evidence to the Grand Jury establishing a prima facie case of criminal conduct (*People v Jennings*, 69 NY2d 103, 114; *People v Dunleavy*, 41 AD2d 717, *affd* 33 NY2d 573). In order to determine the sufficiency of the People's presentation, the evidence must be viewed in a light most favorable to the People which, if unexplained and uncontradicted, would warrant a conviction of the defendant by a petit jury (*People v Jennings*, *supra*, at 114; *People v Pelchat*, 62 NY2d 97, 105). In reviewing a motion to dismiss an indictment, the court is keyed only to the sufficiency of the evidence presented to the Grand Jury, as the adequacy of the proof to establish legal cause is within the exclusive fact-finding function of the panel (*People v Reyes*, 75 NY2d 590, 593; *People v Mikuszewski*, 73 NY2d 407, 411).

In view of the foregoing, it is clear that the People satisfied their burden of providing prima facie evidence to support

the charge of criminal possession of a weapon in the second degree. As the trial court acknowledged, the Grand Jury had before it both the police officer's observation of defendant pointing a gun down a street crowded with people and cars, and defendant's subsequent admission to the officers that he pulled the gun because he felt that "two guys that were messing with his brother's girlfriend" were going to pull a gun on him. Taken together, and viewed in a light most favorable to the People, the evidence clearly supports an inference that defendant was in possession of a weapon with the intent to use it unlawfully against another (see, *People v Okafore*, 72 NY2d 81; *People v Fields*, 179 AD2d 458, *lv withdrawn* 79 NY2d 947; *People v Rivera*, 171 AD2d 583, *lv denied* 78 NY2d 973; *People v Williams*, — AD2d —, 1995 NY Slip Op 10592 [1st Dept, Nov. 28, 1995]). Further, the trial court's conclusion that there was no evidence that the gun was directed at anyone in particular is belied by both Officer Fitzgibbon's testimony that defendant was pointing the gun down Westchester Avenue which was crowded at the time with people and by defendant's statement that he was reacting to a perceived threat from two, albeit unknown, individuals.

■ We also reject defendant's argument that the People's presentation to the Grand Jury was defective because the prosecutor failed to instruct the Grand Jury that the presumption of unlawful intent is a rebuttable one. In evaluating defendant's position, it must be borne in mind that a Grand Jury proceeding is not a "mini trial" (*People v Brewster*, 63 NY2d 419, 422) but, rather, is a proceeding which is convened primarily to investigate crimes and to determine whether sufficient evidence exists to accuse a citizen of a crime and, consequently, subject that individual to a criminal prosecution (*People v Lancaster*, 69 NY2d 20, 30, *cert denied* 480 US 922; *People v Valles*, 62 NY2d 36, 38).

The record in this proceeding reveals that the District Attorney did not instruct the Grand Jury with the statutory presumption set forth in Penal Law § 265.15 (4).* However, there is no legal authority requiring the foregoing be set forth to the Grand Jury, and therefore, no need to instruct the Grand Jury that the presumption is rebuttable since the Grand Jury was unaware of the existence of the presumption in the first place. In any event, the prosecutor's omission of an instruction

---

* "The possession by any person of any dagger, dirk, stiletto * * * or any other weapon * * * is presumptive evidence of intent to use the same unlawfully against another."

on a presumption, the inclusion of which would presumably be a disadvantage to the defendant, hardly prejudices the defendant in the Grand Jury's evaluation of the evidence.

More importantly, there was no need for the People to rely on the statutory presumption to establish the element of unlawful intent. Here, the officer's observation together with the defendant's statement were adequate to establish the intent element of the crime (*see, People v Dunkley*, 161 AD2d 231, *lv denied* 76 NY2d 892). There was, therefore, no need to instruct on the statutory presumption as it is only necessary to provide the Grand Jury with enough information "to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.*, 49 NY2d 389, 394-395).

██ Lastly, the trial court erred when it found, in the interests of fairness, that the prosecutor should have provided the Grand Jury with the justification defense because it would have helped explain the evidence presented to the panel. It is well settled that justification, based on self-defense (Penal Law § 35.15) relates only to the use of physical force (*People v McManus*, 67 NY2d 541) and does not apply to a crime based on the possession of a weapon, even where an element of the crime, as in the instant case, is that defendant possessed the weapon with the intent to unlawfully use it against another (*People v Pons*, 68 NY2d 264, 265; *People v Almodovar*, 62 NY2d 126, 130-131).

By way of explanation, the Court of Appeals in *Pons* stated: "First, intent to use and use of force are not the same, and justification, by the very words of the statute (Penal Law § 35.15), is limited to the latter. Second, it does not follow that because defendant was justified in the actual shooting of the weapon under the particular circumstances existing at that moment, he lacked the intent to use the weapon unlawfully during the continuum of time that he possessed it prior to the shooting." (*People v Pons, supra*, at 267-268.)

Consequently, since the mere possession of a weapon does not involve the use of physical force, there are no circumstances where justification can be a defense to the crime of criminal possession of a weapon (*People v Pons, supra*, at 267).

Moreover, even if justification were somehow applicable to the crime charged herein, more than a mere allegation (i.e., the defendant thought two unidentified individuals were about to pull a gun on him) is necessary to require a justification

charge at the Grand Jury stage (*People v Mitchell*, 82 NY2d 509, 514-515).

Accordingly, the order of Supreme Court, Bronx County (Ira Globerman, J.), entered April 21, 1994, which clarified the order, same court and Justice, entered March 1, 1994 and dismissed the count of the indictment charging defendant with criminal possession of a weapon in the second degree, is unanimously reversed, on the law and the facts, and that count of the indictment is reinstated. The appeal from the March 1, 1994 order is dismissed as academic.

ROSENBERGER, J. P., WALLACH, NARDELLI and WILLIAMS, JJ., concur.

Order, Supreme Court, Bronx County, entered April 21, 1994, reversed, on the law and the facts, and the count of the indictment charging defendant with criminal possession of a weapon in the second degree reinstated; appeal from order, same court and Justice, entered March 1, 1994 is dismissed as academic.